NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2503
_____

NORMAN STEINBERG,
                    Appellant

v.

K. KALONJI JOHNSON; THERESA M. TALBOTT, R.Ph;
ROBERT B. FRANKIL, R.Ph; THOMAS P. CAREY, ED.D;
PATRICK M. GREEN, Esq.; JUAN A. RUIZ, Esq.; KERRY E. MALONEY, Esq.;
CHARLES S. HARTWELL, Esq.; THEORDORE STAUFFER, BPOA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-01652)
Magistrate Judge: William I. Arbuckle (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2023
Before:  HARDIMAN, PORTER, and FREEMAN, Circuit Judges

(Opinion filed March 15, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Norman Steinberg, proceeding pro se, appeals the dismissal of his civil-rights complaint. For the following reasons, we will affirm.

I.

Steinberg obtained a pharmacist license from the Commonwealth of Pennsylvania in 1972. He practiced as a pharmacist until 1997, when he sold the pharmacy that he owned in Philadelphia and moved to Costa Rica. There, rather than continue as a pharmacist, he made his living in the sports betting industry.

In 1999, the U.S. Attorney for the Eastern District of Pennsylvania indicted Steinberg for controlled-substance violations at his pharmacy. Steinberg was arrested in 2002 at Miami International Airport. In 2003, he pleaded guilty to single count of the indictment: a misdemeanor violation of 21 U.S.C. § 843(a)(4)(A) for knowingly and intentionally failing to keep records of the sale, delivery, or other disposition of approximately 410,000 tablets of alprazolam (aka Xanax) between January 1996 and April 1997. In exchange for the government's dropping the remaining charges and recommending leniency at his sentencing, Steinberg served as a confidential informant and cooperating witness for federal investigations related to illegal gambling and money laundering. In 2005, Steinberg was sentenced to time served and a $30,000 fine. See United States v. Steinberg, E.D. Pa. Crim. No. 2:99-cr-00594. After his release, he returned to Costa Rica, where he still lives.

Believing that his guilty plea and conviction had triggered an automatic suspension of his pharmacist license, Steinberg applied to the Pennsylvania Board of Pharmacy ("the Board") for reinstatement of his license in 2014. However, Steinberg's

2

license had never been suspended, because the Board had not been informed contemporaneously of his conviction; it had merely been listed as inactive since September 2004. After receiving his application, the Board made multiple requests to Steinberg for supporting documentation, including properly certified copies of his indictment, plea agreement, and judgment of conviction. After Steinberg supplied the requested documents, his license was reactivated in December 2015.

In July 2016, the Pennsylvania Bureau of Professional and Occupational Affairs ("BPOA") filed an order to show cause to consider professional discipline against Steinberg, based on his conviction. A Board-appointed hearing examiner heard the case in January 2017, with Steinberg and the BPOA represented by counsel. Steinberg presented mitigation evidence and testimony. The hearing examiner circulated a proposed adjudication in June 2017, recommending that Steinberg's license be permanently revoked. The Board issued a notice of intent to review the hearing examiner's recommendation and received Steinberg's objections. In June 2020, the Board issued its final adjudication and order, revoking Steinberg's pharmacist license.

Steinberg appealed the revocation to the Pennsylvania Commonwealth Court, arguing that the Board abused its discretion by failing to consider his mitigation evidence, specifically the age of his conviction and the assistance that he had provided to federal law enforcement. The Commonwealth Court rejected this argument and affirmed the revocation of Steinberg's license. See Steinberg v. Bureau of Pro. & Occupational Affs., 263 A.3d 65 (Pa. Commw. Ct. 2021) (unpublished table decision), 2021 WL 3642336.

Steinberg then filed this action in the Middle District of Pennsylvania, pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, alleging violations of his due process and equal protection rights. He named as defendants the individual members of the Board and BPOA, as well as the attorney who represented him in the state proceedings. The parties consented to the jurisdiction of a Magistrate Judge, see 28 U.S.C. § 636(c), who then granted defendants' motions to dismiss, concluding that various pleading deficiencies, immunities, and precluded claims were fatal to the complaint. Steinberg appeals.

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over the decision to grant defendants' motion to dismiss. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. We review the denial of leave to amend for abuse of discretion, and review de novo the determination that amendment would be futile. United States ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We may affirm the judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

Counts one, two, three, and eight of Steinberg's complaint depend on his theory that the Board (through the named defendants) violated his due process rights by "intermingling . . . the prosecutorial and adjudicatory functions in a single entity." Am. Compl. 29, ¶ 108. Steinberg asserted that the Board initiated the disciplinary proceedings

4

by sharing documentation that he submitted in support of his reactivation application with the BPOA prosecutors, then made the ultimate decision to revoke his license. This, he claimed, deprived him of an unbiased tribunal and amounted to "collusion" and "conspiracy" among the defendants to deprive him of his rights. See generally id. at 28–36, 42–43. This argument fails to state a claim to relief.

By statute, the Board has the power and duty to: "examine, inspect and investigate all applications and all applicants for licensure as pharmacists," "investigate or cause to be investigated all violations of the provisions of [the Pharmacy Act] and its regulations," "conduct hearings for the revocation or suspension of licenses," and "assist . . . in enforcing all laws pertaining to drugs, controlled substances, and practice of pharmacy." 63 Pa. Stat. Ann. § 390-6(3), (5), (7), (8). Steinberg does not dispute that the Board had the authority to revoke his license under Pennsylvania's Pharmacy Act, based on his misdemeanor conviction related to the practice of pharmacy. See 63 Pa. Stat. Ann. § 390-5(a)(2); see also Am. Compl. 10, ¶ 31. He merely complains of the "intermingling" of functions in the process that led to the revocation.[1]

"Although the Supreme Court has held that the Constitution requires administrative agencies to be fair and unbiased, it has also held that the Constitution

---

[1] Steinberg relies heavily on a single Pennsylvania Supreme Court decision to support his argument. See, e.g., Am. Compl. 19 n.12 (citing Lyness v. State Bd. of Med., 605 A.2d 1204 (Pa. 1992)). We note that that case was decided exclusively on state constitutional grounds and provides no basis for relief here, under the federal civil rights statutes or otherwise. Cf. Gary v. Braddock Cemetery, 517 F.3d 195, 207 n.4 (3d Cir. 2008) (noting that Pennsylvania does not recognize a private action for damages stemming from an alleged violation of the state constitution).

permits the investigative, prosecutorial[,] and adjudicative roles to be combined in one agency." In re Seidman, 37 F.3d 911, 924 (3d Cir. 1994) (first citing In re Murchison, 349 U.S. 133, 135–36 (1955), then citing Withrow v. Larkin, 421 U.S. 35, 46–47, 52–53 (1975)); see also Tr. & Inv. Advisers, Inc. v. Hogsett, 43 F.3d 290, 297 (7th Cir. 1994) ("[I]t it has long been settled that the combination of investigative and adjudicative functions within an agency, absent more, does not create an unconstitutional risk of bias." (citing Withrow, 421 U.S. at 52, 95)). Nothing in Steinberg's allegations here offends due process, as he has not alleged facts to support either actual bias against him or an appearance of bias arising from the pecuniary or personal interests of the adjudicators. See Seidman, 37 F.3d at 925 (citing Withrow, 421 U.S. at 54–55, 95); see also Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995). Steinberg's only allegation of bias is that the Board "participat[ed] in the accusatory phase of the prosecution" when it forwarded information from his licensure application to BPOA prosecutors. Am. Compl. 30, ¶¶ 112–13. Fulfilling its duty to investigate applicants in no way suggests that the Board was biased against Steinberg.

IV.

The remaining counts of Steinberg's amended complaint were also properly dismissed by the Magistrate Judge. Counts five and six alleged that the Board denied him due process because of the three-year delay between the circulation of the hearing examiner's proposed adjudication and the Board's final order. When Steinberg appealed his revocation to the Commonwealth Court, the scope of review included whether "the adjudication [was] in violation of [his] constitutional rights." 2 Pa. Stat. Ann. § 704. But

6

he did not raise this claim of unconstitutional delay on appeal, so his failure to take advantage of the review process that the Commonwealth made available to him means he cannot state a due process claim now. See Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000) (distinguishing the requirement that a plaintiff use available state processes before alleging a federal due process claim from "exhaustion requirements that exist in other contexts").

In count seven, Steinberg sought "special punitive damages" against the Board's counsel for purportedly inaccurate factual statements made during the Commonwealth Court proceedings on appeal. Am. Compl. 40–42. Even assuming that the statements were inaccurate, Steinberg failed to state a claim to relief, as attorneys are protected by "judicial privilege" from damages suits based on "statements made in court filings and during argument." Gen. Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 312 (3d Cir. 2003).

In count nine, Steinberg alleged that he was denied equal protection on a "class-of-one" theory. See Am. Compl. 43–46. As the Magistrate Judge explained, this claim fails because Steinberg merely recited the Board's reasons for revoking his license and then asserted that this was differential treatment, without identifying any similarly situated individuals as comparators. See Mem. Op. 19–20, ECF No. 39 (citing, inter alia, Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006)). And even assuming arguendo that he had identified similarly situated individuals treated differently, Steinberg's recitation of the Board's reasons for revocation largely serves to bolster, not undermine,

the rational basis for the decision. See Hill, 455 F. 3d at 239 (citing Village of Willowbrook v. Plech, 528 U.S. 562, 564 (2000)).

Steinberg's count four purports to advance a claim under 42 U.S.C. § 1986, complaining of the performance of the attorney who represented him in the state proceedings. To state a claim under § 1986, a plaintiff must plausibly allege, among other things, a predicate conspiracy prohibited by § 1985. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994) (citations omitted). Because all of Steinberg's due process and equal protection claims fail for the reasons explained above, the Magistrate Judge correctly dismissed this claim.

V.

Finally, there was no abuse of discretion in denying Steinberg leave to file another amended complaint, as further amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Accordingly, we will affirm the dismissal of Steinberg's complaint.